UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**DOUGLAS REID,**

       **Petitioner,**

**v.**                                                  Civil Action No. 2:19-cv-59

**MARK BOLSTER, Acting Warden,**

       **Respondent.**

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner Douglas Reid's ("Petitioner") Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 ("the Petition"), ECF No. 1, and the Respondent Mark Bolster, Acting Warden, Federal Correctional Complex ("FCC") Petersburg's ("Respondent") Response and Memorandum in Support of Respondent's Motion to Dismiss or for Summary Judgment ("Motion for Summary Judgment") and supporting memorandum, ECF Nos. 6-7. The matter was referred for disposition to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. For the following reasons, the undersigned **RECOMMENDS** that Respondent's Motion for Summary Judgment, ECF No. 6, be **GRANTED**, and the Petition, ECF No. 1, be **DISMISSED WITH PREJUDICE.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is serving 240-month sentence for receipt of child pornography in violation of 18 U.S.C. 2252A(A)(2) and (b)(1). ECF No. 7, attach. 1 at 2. Petitioner was sentenced on March 17, 2016 and is presently housed at FCC Petersburg. *Id.*

### A. Incident Report issued to Petitioner by the Bureau of Prisons

On August 23, 2017, Petitioner was issued Incident Report 3025432 (hereinafter "IR No. 1"), which charged him with violation of Bureau of Prisons ("BOP") disciplinary code 113, "possession of any narcotics, marijuana, drugs, alcohol, or related paraphernalia not prescribed for the individual by medical staff." ECF No. 7, attach. 1 at 7. During the investigation after being advised of his rights to remain silent, Petitioner stated "there wasn't any drugs in my cell. I have never touched or used drugs. I have bookmarks from the Chapel I use for my dentures." *Id.*, attach. 1 at 3, 8.

On August 29, 2017, Petitioner appeared before the Unit Disciplinary Committee ("UDC"), who referred the matter to the Discipline Hearing Officer ("DHO"). *Id.* at 3, 10. Petitioner was given a "Notice of Discipline Hearing[.]" *Id.* The hearing was held on September 6, 2017, at which time Petitioner stated "I do not admit the charge. The colored paper that is torn up is my book markers. I got it from the chapel. I use the cut up paper as a filler for my dentures. I put in in my mouth as a filler for my dentures. I did not know drugs were on that paper." *Id.*, attach. 1 at 4, 14. The DHO found Petitioner to have committed the prohibited act based on the following evidence: the incident report and investigation, three photographs of the items and drug testing, and a supporting memorandum from Senior Officer Specialist J. Willaman dated August 24, 2017. *Id.* The DHO imposed the following sanctions: (1) disallowance of forty-one days of

2

good conduct time ("GCT"); (2) thirty days of disciplinary segregation; (3) six months loss of visiting privileges; (4) six months loss of telephone privileges. *Id.*, attach. 1 at 15.

The DHO completed and signed the DHO Report on February 27, 2018. *Id.*, attach. 1 at 16. Petitioner received a copy of the report on April 6, 2018. *Id.* The Petitioner was advised of his right to appeal within twenty calendar days of receiving the Report. *Id.*, attach. 1 at 5.

On April 19, 2018, Petitioner filed an administrative remedy request ("Regional Appeal") with BOP's Mid-Atlantic Regional Office ("Regional Office"). ECF No. 1 at 3, 19. On June 21, 2018, the Regional Office rejected Petitioner's Regional Appeal, finding that the required disciplinary procedures were substantially followed, the evidence supported the DHO's findings, and the sanctions were appropriate for the offenses. *Id.* at 3, 21.

Petitioner submitted his appeal ("Central Appeal") to the BOP's Central Office ("Central Office") on July 12, 2018. *Id.* at 4, 23. On August 30, 2018 the Central Office rejected Petitioner's Central Appeal. *Id.* at 4, 25. In rejecting Petitioner's appeal, the Central Office stated:

> [o]ur review of your disciplinary proceedings indicates compliance with Program Statement 5270.09, Inmate Discipline Program. Contrary to your belief, the DHO's decision was properly based upon the greater weight of the evidence and not just 'any evidence,'...We find the determination of the DHO is reasonable and supported by the evidence presented.

*Id.* at 25. Petitioner then filed the instant action.

**B. Instant Petition submitted by Petitioner pursuant to 28 U.S.C. § 2241**

On February 1, 2019, while incarcerated in FCC Petersburg, Virginia, Petitioner filed the instant *pro se* Petition pursuant to 28 U.S.C. § 2241. ECF No. 1 at 1. Petitioner advises that he "is challenging his conviction for violation of prohibited acts resulting in the disciplinary proceedings and subsequent sanctions which resulted in the Constitutional violations necessitating petition for the instant Writ of Habeas Corpus." *Id.* at 2. Specifically, Petitioner alleges his due

3

process rights were violated when the BOP (1) failed to provide Petitioner with a written copy of the DHO Report and (2) denied him the opportunity present evidence of false positives. *Id.* at 4-9. As a remedy, Petitioner requests that his GCT be reinstated and that all wages Petitioner lost due to segregation be reimbursed.[1] *Id.* at 10.

### C. Respondent's Motion

On June 28, 2019, Respondent filed a Motion for Summary Judgment, ECF No. 6, along with a supporting memorandum, ECF No. 7. Respondent's Motion argues that Petitioner was afforded all the due process rights to which he was entitled, and Petitioner failed to show he was prejudiced by delayed receipt of the DHO Report. *Id.* at 7-14. Petitioner filed a response on July 25, 2019. ECF No. 9. Accordingly, the Respondent's Motion for Summary Judgment, ECF No. 6, is ripe for recommended disposition.

## II. DISCUSSION

Before considering the merits of the instant § 2241 Petition, the Court must ascertain whether it has jurisdiction over Petitioner's claims. Respondent does not dispute that § 2241 is the proper vehicle for asserting this type of claim, and for the reasons explained below, the undersigned **FINDS** that the Court does have jurisdiction to consider the instant § 2241 Petition.

### A. 18 U.S.C. § 2241

Section 2241 petitions (such as the instant Petition) "generally challenge[] the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation

---

[1] Petitioner also claims to have a liberty interest in his UNICOR job, which he lost while he was in disciplinary segregation as a result of IR No. 1. ECF No. 1 at 7. However, inmates have no constitutionally recognized liberty interest in UNICOR jobs, and therefore this claim is not cognizable. *See James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989) (holding inmates have no liberty interest in prison job assignments); *Easterling v. Hickey*, No. 10-CV-426-JBC, 2011 U.S. Dist. LEXIS 149844, at *5 (E.D. Ky. Dec. 30, 2011) (holding inmates have "no federally cognizable liberty interest in the UNICOR job."); *Nash v. Marcias*, Civil Action No. 5:07-0094, 2009 U.S. Dist. LEXIS 126305, at *17 (S.D. W. Va. Nov. 25, 2009) (holding plaintiff "ha[d] no liberty interest in placement in [a] UNICOR Program.").

4

of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Gonzalez-Martinez v. Drew*, No. 8:11-cv-00437, 2011 WL 6982247, at *4 n.1 (D.S.C. Dec. 16, 2011) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)). The relevant portion of the statute provides that "(c) The writ of habeas corpus shall not extend to a prisoner unless . . . (3) He is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Because the purpose of a § 2241 petition for a writ of habeas corpus is "to test the legality of detention," a petition can be brought pursuant to 28 U.S.C. § 2241 "'regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987), *cert. denied*, 502 U.S. 875 (1991) and citing *Arias v. Rogers*, 676 F.2d 1139, 1142 (7th Cir. 1982)). Here, because the instant § 2241 Petition challenges the way in which Petitioner's disciplinary proceedings were conducted, § 2241 is the proper vehicle by which to assert his claims.

### B. Exhaustion and Procedural Default

Unlike other statutes authorizing a prisoner to seek federal habeas relief, "§ 2241 is silent on exhaustion. Even so, courts have generally required parties to exhaust available administrative remedies before seeking § 2241 relief from the federal courts." *Janvier v. I.N.S.*, 174 F. Supp. 2d 430, 434 (E.D. Va. 2001). After the DHO hearing, Petitioner submitted a Regional Appeal. ECF No. 1 at 19. After an unfavorable Regional Appeal, Petitioner submitted an appeal to the Central Office, which is the final administrative appeal level, and received a decision on that appeal. *Id.* at 23, 25. Accordingly, the undersigned **FINDS** that Petitioner sufficiently appealed his claim through the BOP's prescribed administrative remedy scheme and has therefore properly exhausted his remedies.

## C. Merits of Petitioner's Claim

Petitioner contends that his Due Process rights under the United States Constitution were violated when Respondent failed to provide him with a written copy of his DHO Report within fifteen working days. *See* ECF No. 1 at 6. Additionally, Petitioner alleges that his Due Process rights were violated by Respondent's failure to adhere to the *Wolff* Requirements, by preventing Petitioner from presenting evidence relating to false positives in connection with drug testing and denying Petitioner lab testing. *Id.* at 9.

### Petitioner's DHO Report

Petitioner contends that the Respondent failed to provide him with his DHO Report within fifteen days of his DHO hearing in violation of 28 C.F.R. § 541.8, the BOP's Program Statement 5270.09, and the Due Process Clause of the United States Constitution. 28 C.F.R. § 541.8 does not provide a specific timeframe within which the DHO must provide the written decision following a DHO hearing. *See* 28 C.F.R. § 541.8(h). Although BOP policy provides inmates should receive their DHO Reports "*ordinarily* within 15 work days of the decision," BOP Program Statement 5270.09 (emphasis added), "the BOP's violations of its own policies do not amount to a due process violation," *Bauer v. Warden*, 2017 WL 318683, at *2 (D.S.C. Jan. 23, 2017) (citing *Riley v. Drew*, 2013 WL 2285941, at *5 (D.S.C. May 23, 2013)). Furthermore, Petitioner "has no constitutional right to receive the DHO Report within the 15-day period outlined in the BOP's regulations." *Reid v. Mansukhani*, No. 5:16-cv-3280-RMG, 2017 U.S. Dist. LEXIS 84155, at *6-7 (D.S.C. June 1, 2017), *aff'd*, 697 F. App'x 154. When an inmate does not receive a DHO written decision within the proper timeframe, such a delay cannot serve as the basis for a successful habeas petition unless the inmate can show there was a prejudicial effect on the inmate's administrative

6

appeal. *Griffin v. Ebert*, 640 F. App'x 181, 184 (3d Cir. 2016); *Cook v. Warden*, 241 F. App'x 828, 829 (3d Cir. 2007).

Petitioner received his DHO Report approximately eight months after the DHO hearing. ECF No. 1 at 6. However, Petitioner fully exhausted his administrative remedies despite his delay in receiving the DHO Report, *see* Part II.B., *supra.*, and therefore his administrative appeal was not prejudiced by the delay in receipt of the DHO Report. Accordingly, the undersigned **FINDS** that Petitioner was not denied due process because of the Respondent's delay in providing him a copy of his written DHO Report.

### Denial of Ability to Present Evidence

The *Wolff* Requirements apply when a prisoner's DHO hearing proceedings might result in the loss of GTC:

> Where a prison disciplinary hearing may result in the loss of good time credits, *Wolff* held that the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67). Furthermore, (4) "revocation of [GTC] does not comport with 'the minimum requirements of procedural [D]ue [P]rocess,' [*Wolff*, 418 U.S.] at 558, unless the findings of the prison disciplinary board are supported by some evidence in the record." *Id.* Lastly, (5) the decision-maker must be "impartial" in a disciplinary hearing. *See Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011) (citing *Wolff*, 418 U.S. 539; *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007)). Because IR No. 1 resulted in the loss of GTC, Respondent was required to satisfy all five *Wolff* Requirements in Petitioner's DHO hearing.

7

*1. Provision of Advance Written Notice*

A petitioner must receive advance written notice of any charges pending against him. *See Hill*, 472 U.S. at 454 (1985) (citing *Wolff*, 418 U.S. at 563-67). At minimum, an inmate must receive twenty-four hours to plan his defense. *See Sweeney v. Parke*, 113 F.3d 716, 719 (7th Cir. 1997) (citing *Wolff*, 418 U.S. at 564). Petitioner received notice of IR No. 1 at least twenty-four hours in advance of the hearing. *See* ECF No. 7, attach. 1 at 10. Therefore, Petitioner's Due Process rights regarding the first *Wolff* Requirement have been observed.

*2. Opportunity to Call Witnesses and Present Documentary Evidence*

Provided that it is "consistent with institutional safety and correctional goals[,]" a petitioner must have the "opportunity . . . to call witnesses and present documentary evidence[.]" *Hill*, 472 U.S. at 454 (1985) (citing *Wolff*, 418 U.S. at 563-67). In Petitioner's "Notice of Discipline Hearing" for IR No. 1, Petitioner was advised of his right to present evidence and witnesses, and he was offered the opportunity to list witnesses. *See* ECF No. 7, attach. 1 at 10. Petitioner declined this opportunity. *See id.* Petitioner advanced the specific claim that the Respondent would not allow Petitioner to present evidence to dispute the positive test results of the drugs found in his cell, and the Respondent denied Petitioner the opportunity to send the test results to a lab.[2] *See* ECF No. 1 at 3. Petitioner argues that "[i]t has been repeatedly and conclusively proven that on-site tests often result in false positives." *Id.* Petitioner's contention arises from a documentary of *Inside Edition*, where positive drug tests resulted from substances such as cotton candy, goody powder, breath mints, vitamins, and other household items. *Id.* at 9.

---

[2] Petitioner also seems to make a claim arguing that because he could not present evidence to rebut the written report, the DHO could not be an impartial decision maker. However, for the reasons stated in Part II.B.5, *infra*, Petitioner's claim does not have merit.

8

The DHO is required to review all evidence requested by Petitioner and to "make [the requested] evidence available or furnish an explanation of the reasons for the denial." *Saunders v. Grondolsky*, No. 12-10484-RWZ, 2013 U.S. Dist. LEXIS 68329, at *9 (D. Mass. May 14, 2013) (citing *Smith v. Mass. Dep't of Corr.*, 936 F.2d 1390, 1401 (1st Cir. 1991)). A DHO cannot simply refuse to examine evidence without violating that inmate's right to Due Process:

> [A]n inmate's right to procedural [D]ue [P]rocess is violated when a hearing examiner simply fails to view available evidence to determine its relevance and suitability for use at a disciplinary hearing. If such hearings are to have any substance, the hearing officer must independently assess whether the evidence is relevant and then determine whether there are legitimate penological reasons to deny the prisoner access to the evidence requested.

*Burns v. Pa. Dep't of Corr.*, 642 F.3d 163, 174 (3d Cir. 2011). However, courts have routinely held that an inmate is not entitled to have confirmatory testing of substances. *See Rivas v. Cross*, Civil Action No. 2:10cv98, 2011 U.S. Dist. LEXIS 45624, at *20, n.6 (N.D.W. Va. Apr. 1, 2011) (citing cases). "Allowing inmates to routinely challenge the reliability of drug tests 'would seriously interfere with the institutional goal of drug deterrence and prompt resolution of drug related infractions." *Id.*

Here, Petitioner did not provide any evidence that the drug testing kit used by the BOP was invalid during the DHO proceeding. *See* ECF No. 7, attach. 1 at 15 ("You did not provide, nor did the DHO find, any evidence to identify that Officer Roberts had fabricated the pictures or the positive NIK test results against you, or that the results were somehow inaccurate."). Petitioner offers no evidence other than the belief that "these tests oftentimes create a false positive." ECF No. 1 at 9. Moreover, Petitioner has no right, constitutional or otherwise, to submit the substance found in his cell for additional testing. *See Rivas*, 2011 U.S. Dist. LEXIS 45624, at *20. Therefore, Petitioner was not denied due process regarding the second *Wolff* requirement.

9

*3. Written Statement by Factfinder*

Petitioner contends that the DHO failed to timely provide him with his DHO Reports in violation of the Due Process Clause of the United States Constitution. *See* ECF No. 2 at 7. Petitioner has a constitutional right to receive a copy of his DHO Reports, *see Wolff*, 418 U.S. at 564-65, but Petitioner did ultimately receive a copy of his DHO Report for IR No. 1 on April 6, 2018, and appropriately appealed the decisions contained in the DHO Report. *See* ECF No. 1 at 19-25. Therefore, Petitioner's claims on this issue are moot. *See Shahan v. Ormond*, No. 3:18cv200, 2018 WL 6681210, at *11 (E.D. Va. Dec. 19, 2018) ("[W]ith respect to [the inmate's] claim that he did not receive the DHO Report, such a claim is moot because after filing this action, [the inmate] received the DHO Report."). Therefore, Petitioner has not suffered a Due Process violation regarding the third *Wolff* Requirement.

*4. Evidence to Support DHO's Decisions*

In order to satisfy Due Process, the fact-finder's decision "must be supported by *some* evidence." *Hill*, 472 U.S. at 447 (emphasis added). Furthermore, the evidentiary requirement in this context is not stringent:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is *any evidence* in the record that *could* support the conclusion reached by the disciplinary board. *See* [*United States ex rel. Vajtauer v. Commissioner of Immigration*, 273 U.S. 103, 106 (1927)]; *United States ex rel. Tisi v. Tod*, 264 U.S. 131, 133-134 (1924); *Willis v. Ciccone*, 506 F.2d 1011, 1018 ([8th Cir.] 1974). We decline to adopt a more stringent evidentiary standard as a constitutional requirement.

*Id.* at 455-56. Therefore, Due Process is satisfied if the DHO cited "sufficient evidence[.]" *See id.* at 447.

10

*3. Written Statement by Factfinder*

Petitioner contends that the DHO failed to timely provide him with his DHO Reports in violation of the Due Process Clause of the United States Constitution. *See* ECF No. 2 at 7. Petitioner has a constitutional right to receive a copy of his DHO Reports, *see Wolff*, 418 U.S. at 564-65, but Petitioner did ultimately receive a copy of his DHO Report for IR No. 1 on April 6, 2018, and appropriately appealed the decisions contained in the DHO Report. *See* ECF No. 1 at 19-25. Therefore, Petitioner's claims on this issue are moot. *See Shahan v. Ormond*, No. 3:18cv200, 2018 WL 6681210, at *11 (E.D. Va. Dec. 19, 2018) ("[W]ith respect to [the inmate's] claim that he did not receive the DHO Report, such a claim is moot because after filing this action, [the inmate] received the DHO Report."). Therefore, Petitioner has not suffered a Due Process violation regarding the third *Wolff* Requirement.

*4. Evidence to Support DHO's Decisions*

In order to satisfy Due Process, the fact-finder's decision "must be supported by *some* evidence." *Hill*, 472 U.S. at 447 (emphasis added). Furthermore, the evidentiary requirement in this context is not stringent:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is *any evidence* in the record that *could* support the conclusion reached by the disciplinary board. *See* [*United States ex rel. Vajtauer v. Commissioner of Immigration*, 273 U.S. 103, 106 (1927)]; *United States ex rel. Tisi v. Tod*, 264 U.S. 131, 133-134 (1924); *Willis v. Ciccone*, 506 F.2d 1011, 1018 ([8th Cir.] 1974). We decline to adopt a more stringent evidentiary standard as a constitutional requirement.

*Id.* at 455-56. Therefore, Due Process is satisfied if the DHO cited "sufficient evidence[.]" *See id.* at 447.

The DHO Report for IR No. 1 contained evidence that could support Petitioner's conviction, including the reporting officer's recovery and positive testing of the substance, Senior Officer Willamna's subsequent testing using three separate tests resulting "in a positive reaction for heroin." ECF No. 1 at 16. Because of this evidence, the DHO "concluded that the charge against [Petitioner] was appropriate and warranted." *Id.* Therefore, Petitioner has not suffered a Due Process violation for lack of evidence regarding IR No. 1. *See Hill*, 472 U.S. at 455-56.

### 5. *Opportunity to be Heard by an Impartial Decision-Maker*

Petitioner has alleged that "the DHO could not be impartial when he denied [Petitioner] the opportunity to present any evidence to rebut the written report, and to hold that an incident report alone is enough to find [Petitioner] guilty." ECF No. 1 at 7. However, the regulations define the DHO as "an impartial decision maker who was not a victim, witness, investigator, or otherwise significantly involved in the incident." 28 C.F.R. § 541.8(b). Further, Petitioner has not proffered any evidence that any of his DHOs were involved in the respective incidents in any way other than in their roles as DHOs. *See generally* ECF No. 1. Therefore, Petitioner has not suffered a Due Process violation for lack of opportunity to be heard before an impartial decision-maker.

### III. RECOMMENDATION

In conclusion, while Petitioner properly invoked § 2241 as the vehicle to challenge the timing in which he received the DHO written decision, and properly exhausted his administrative remedies, as detailed herein, the undersigned **FINDS** that Petitioner's claim lacks merit. For the foregoing reasons, the undersigned **RECOMMENDS** that Respondent's Motion for Summary Judgment, ECF No. 7, be **GRANTED** and the Petition, ECF No. 1, be **DENIED AND DISMISSED WITH PREJUDICE.**

## IV. OUTSTANDING MOTION

On August 28, 2019, Petitioner filed a Motion for Leave to Supplement, ECF No. 10. The Respondent filed an opposition to the Petitioner's Motion for Leave to Supplement, ECF No. 11, and the Petitioner filed a Reply, ECF No. 12. In his Motion, Petitioner requests to file a report from John Randolph Medical Center demonstrating that a false positive can occur on a drug test. *Id.* The attachment submitted by Petitioner states that "[s]everal quinolones have the potential to yield false opiate results on immunoassay screening procedures. If patient is on a quinolone drug, confirmatory testing should be performed by a method other than immunoassay technique for positive opiate results." *Id.*, attach. 1. The attachment further states, "[d]rugs of abuse screen results provide a preliminary anaylytical test result. A more specific alternative method must be used in order to obtain a confirmed analytical result." *Id.* Petitioner claims that this submission "giv[es] [Petitioner's] claims more support." ECF No. 10.

The Court finds that this submission does not lend support to Petitioner's claims, for several reasons. First, the submission by Petitioner is for a patient who is not the Petitioner. ECF No. 10, attach. 1. Second, the submission relates to false positives when a patient is taking a quinolone drug. *Id.* Neither Petitioner nor Respondent allege that Petitioner was taking a quinolone drug, and therefore this analysis would not be applicable to Petitioner. *See generally*, ECF No. 1; ECF No. 7. Finally, the general statement that results of drug abuse screens should be confirmed through a lab have no bearing on Petitioner's claim, because as above, he has no constitutional right to lab testing. Accordingly, the undersigned **DENIES** the Petitioners Motion for Leave to Supplement, ECF No. 10.

## V. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge will make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to *pro se* Petitioner and counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
December 20, 2019

13